IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BANK OF AMERICA, N.A.<br>100 North Tryon Street<br>Charlotte, NC 28202,<br><br>   Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF LABOR,<br>THOMAS E. PEREZ, in his official capacity as<br>Secretary of Labor, U.S. Department of Labor,<br>OFFICE OF FEDERAL CONTRACT<br>COMPLIANCE PROGRAMS, and<br>PATRICIA A. SHIU, in her official capacity as<br>Director, Office of Federal Contract Compliance<br>Programs,<br>200 Constitution Avenue, NW<br>Washington, D.C. 20210,<br><br>   Defendants. | Civil Action No. 1:16-cv-968 |

## COMPLAINT AND PETITION FOR JUDICIAL REVIEW

1. This is an action under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706, for judicial review of a Final Decision and Order ("Final Order") issued on behalf of the Secretary of Labor on April 21, 2016.

2. The Final Order requires Bank of America, N.A. ("Bank of America" or "the Bank") to pay back pay and other remedies for alleged intentional discrimination against African-American applicants in 1993 and to extend job offers to persons in the affected class pursuant to an Administrative Complaint brought by the Office of Federal Contract Compliance Programs ("OFCCP") pursuant to Executive Order 11246.

3. In addition to the remedies sought in the prayer for relief, Bank of America requests that the Court hold unlawful and set aside the Final Order as arbitrary, capricious, an

abuse of discretion or otherwise not in accordance with law, contrary to constitutional rights, without observance of procedure required by law, and not supported by substantial evidence.

## I.     JURISDICTION

4.    Jurisdiction exists pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and the APA, 5 U.S.C. § 702.  This is an action for review of a Final Order issued under Executive Order 11246.

## II.    VENUE

5.    Venue is proper under 5 U.S.C. § 703 and 28 U.S.C. § 1391(e)(1)(A).  The defendants reside or are located in the judicial district of the United States District Court for the District of Columbia.

## III.   PARTIES

6.    Bank of America, N.A. is a federally chartered national banking association that provides a diversified range of banking services to its customers.  Bank of America is committed to creating a diverse and inclusive environment and supports and promotes the concept of equal employment opportunity and affirmative action, in accordance with all applicable federal, state and local laws.

7.    The U.S. Department of Labor ("DOL") is an agency of the United States government and a proper defendant pursuant to 5 U.S.C. § 703.  The DOL may be served by serving the United States pursuant to Fed. R. Civ. P. 4(i)(1) and by sending a copy of the Summons and Complaint by registered or certified mail to the U.S. Department of Labor, 200 Constitution Avenue, NW, Washington, DC 20210.

8.    Thomas E. Perez, in his official capacity as Secretary of Labor ("the Secretary"), is a proper defendant pursuant to 5 U.S.C. § 703.  Secretary Perez may be served by serving the United States pursuant to Fed. R. Civ. P. 4(i)(1) and by sending a copy of the Summons and

Complaint by registered or certified mail to the U.S. Department of Labor, 200 Constitution Avenue, NW, Washington, DC 20210.

9. OFCCP is an agency of the United States government and a proper defendant pursuant to 5 U.S.C. § 703. OFCCP may be served by serving the United States pursuant to Fed. R. Civ. P. 4(i)(1) and by sending a copy of the Summons and Complaint by registered or certified mail to OFCCP, U.S. Department of Labor, 200 Constitution Ave, NW, Washington, DC 20210.

10. Patricia A. Shiu, in her official capacity as Director of OFCCP ("Director Shiu"), United States Department of Labor, is a proper defendant pursuant to 5 U.S.C. § 703. Director Shiu may be served by serving the United States pursuant to Fed. R. Civ. P. 4(i)(1) and by sending a copy of the Summons and Complaint by registered or certified mail to OFCCP, U. S. Department of Labor, 200 Constitution Ave, NW, Washington, DC 20210.

## IV.  FACTS

**A.  The OFCCP's Compliance Review.**

11. Executive Order No. 11246, as amended, prohibits Government contractors from discriminating against any employee or applicant for employment because of race, color, religion, sex, sexual orientation, gender identity, or national origin, and requires Government contractors to take affirmative action to ensure that applicants are employed, and that employees are treated during employment, without regard to their race, color, religion, sex, or national origin. Exec. Order No. 11246, 30 Fed. Reg. 12319 (Sept. 24, 1965), as amended, sec. 202.[1] The Secretary is responsible for the enforcement of this provision. *Id.* at sec. 201; 41 C.F.R. ch. 60. That authority has been delegated to the Director of the OFCCP. 41 C.F.R. § 60-1.2.

---

[1] Sexual orientation and gender identity were added to the list of protected classes in 2014. Exec. Order No. 13672 (July 21, 2014).

12.     On November 24, 1993, the OFCCP notified the Bank[2] that the OFCCP had selected the Bank's Charlotte, North Carolina, corporate headquarters for a corporate management compliance review, specifically a "glass ceiling analysis." The Bank provided the OFCCP all requested materials, including the Bank's affirmative action plan or program ("AAP") for calendar year 1993. After finding no evidence of problems regarding the advancement of minorities and females, the OFCCP abandoned its glass ceiling analysis and shifted its investigation to the Bank's hiring practices. The OFCCP analyzed the Bank's hiring practices with respect to minorities in the 34 AAP job groups at the Bank's Charlotte headquarters.

13.     On October 19, 1994, the OFCCP issued a Notice of Violations alleging that the Bank had discriminated against minority applicants in four job groups (5A1, 5A2, 5C and 5F2) because the Bank had not hired the same percentage of its minority applicants as it had hired of its Caucasian applicants. The OFCCP demanded that the Bank hire additional minorities until the percentage of minority and Caucasian applicants was the same, as part of the remedy.

**B.     The OFCCP Pursues an Administrative Action.**

14.     On July 18, 1997, the OFCCP filed an Administrative Complaint, ALJ Case No. 1997-OFC-016, pursuant to 41 C.F.R. chapter 60, alleging that the Bank violated Executive Order 11246 by intentionally discriminating against all minority candidates not hired by the Bank in AAP job groups 5A1, 5A2, 5C and 5F2.

15.     On September 9, 1999, the Bank filed a motion for summary decision in the administrative action on the grounds that the OFCCP's selection of its Charlotte headquarters for a compliance review violated the Fourth Amendment. The OFCCP argued in response that it did

---

[2] At the time, NationsBank, N.A., which in 1998 through various merger agreements became Bank of America, N.A.

4

not violate the Fourth Amendment and that, in any event, the Bank consented to the search.  On August 25, 2000, Administrative Law Judge Richard Huddleston recommended that the Bank's motion for summary decision be granted.  Judge Huddleston concluded that the Bank could not consent to a search which failed to comport with the Fourth Amendment, and that the OFCCP's search of Bank of America's Charlotte headquarters did not meet the definition of a reasonable search.

16. The OFCCP filed exceptions to Judge Huddleston's recommended order with the Administrative Review Board ("ARB").  On March 31, 2003, the ARB found that issues of material fact existed regarding whether Bank of America consented to the search and whether the OFCCP had a plan with neutral criteria and actually implemented that plan in selecting Bank of America's Charlotte headquarters.  The ARB remanded the administrative action back to the Administrative Law Judges, which removed Judge Huddleston from the case and assigned it instead to ALJ Linda Chapman ("ALJ Chapman").

17. Thereafter, the parties filed cross-motions regarding the OFCCP's selection of Bank of America for the review and the Bank's alleged consent to that review.  On August 11, 2004, ALJ Chapman issued a Recommended Decision and Order concluding that the Bank consented to the compliance review and therefore declined to consider whether its selection was constitutionally sound.

18. ALJ Chapman held a hearing on the merits in October 2008.  At the end of the October hearing, the OFCCP moved to amend the Administrative Complaint to allege that the Bank intentionally discriminated only against African-American applicants in job groups 5A2 and 5F2, dropping the allegations that the Bank discriminated against all minorities and that the Bank discriminated against candidates in job groups 5A1 and 5C.  In addition, though it did not

seek a formal amendment of the Administrative Complaint to do so, the OFCCP alleged that the Bank discriminated against African-American applicants in job group 5A in 2002-2005.

19.    In March 2009, the hearing was reconvened to consider the parties' statistical evidence. The OFCCP offered the statistical analysis and testimony of David Crawford, Ph.D. Bank of America offered the statistical analysis and testimony of Joan Haworth, Ph.D.

20.    On January 21, 2010, ALJ Chapman issued a Recommended Decision and Order on the issue of liability. She adopted the OFCCP expert's methodology and concluded that the OFCCP had established that the Bank engaged in a pattern and practice of discrimination against African-American applicants in 1993 and 2002-2005.

21.    After a period of discovery regarding remedy issues, a hearing was held on March 27, 2013. The OFCCP again offered the analysis and testimony of David Crawford, Ph.D. Bank of America offered the analysis and testimony of John H. Johnson, IV, Ph.D.

22.    On September 17, 2013, ALJ Chapman issued a Recommended Decision and Order Awarding Damages. She adopted Dr. Crawford's methodology in all respects, with the sole exception of his choice of interest rate. She recommended that the Bank be ordered to pay $964,033 to the 1993 group of unsuccessful applicants and $1,217,560 to the 2002-2005 group of unsuccessful applicants, and to extend job offers with appropriate seniority to 10 individuals in the affected class and to report on the process of these offers to the OFCCP.

**C.      Proceedings Before the Administrative Review Board.**

23.     On November 1, 2013, Bank of America timely filed exceptions to ALJ Chapman's three Recommended Decisions and Orders with the ARB, ARB Case No. 13-099.

24.     The ARB held oral argument on Bank of America's exceptions on September 16, 2015.

25.     On April 21, 2016, the ARB issued a Final Decision and Order.  The ARB affirmed the ALJ's decisions regarding the constitutionality of the OFCCP's selection of the Bank for a compliance review.  The ARB also affirmed the ALJ's decisions regarding liability for the 1993 period and the ALJ's award of $964,033 in back pay and other remedies to the 1993 group.  The ARB reversed the ALJ's liability and damages decisions related to the 2002-2005 period.

26.     Bank of America seeks relief from the Final Order pursuant to the APA, 5 U.S.C. §§ 702-706.

## V.     CAUSES OF ACTION

27.     Bank of America incorporates by reference the allegations contained in paragraphs 1-26 of this Complaint as if set forth herein.

28.     The Final Order is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, contrary to Bank of America's constitutional rights, without observance of procedure required by law, and unsupported by substantial evidence.

29.     The ARB erroneously concluded that the Bank intentionally discriminated against African-American applicants in 1993.

30.     The ARB's conclusion that the Bank intentionally discriminated against African-American applicants in 1993 is based upon a fundamental misunderstanding of the nature of a

pattern or practice of intentional discrimination case, of the proof required in such a case, and of the use and meaning of statistics in such a case.

31. The ARB's conclusion that the Bank intentionally discriminated against African-American applicants in 1993 is contrary to the OFCCP's established procedures, practices and regulations.

32. The ARB's conclusion that the Bank intentionally discriminated against African-American applicants in 1993 fails to consider or account for all of the evidence, is contrary to the evidence, and is unsupported by substantial evidence.

33. The ARB's remedy award, including but not limited to the amount of the back pay, other remedies, and interest and the number of job offers, is contrary to the law and unsupported by substantial evidence.

34. The ARB's conclusion that the Bank voluntarily consented to the compliance review is contrary to the law and unsupported by substantial evidence, and the OFCCP violated the Fourth Amendment when it selected the Bank for the compliance review.

35. Accordingly, the Final Order should be held unlawful and set aside.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Bank of America requests that the Court:

(1)    Enter judgment for Bank of America and against defendants;

(2)    Hold unlawful and set aside the Final Order pursuant to 5 U.S.C. § 706 as arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, contrary to Bank of America's constitutional rights, without observance of procedure required by law, and unsupported by substantial evidence;

(3)    Hold that OFCCP's selection of Bank of America for a compliance review violated the Fourth Amendment of the United States Constitution;

(4)     Hold that Bank of America did not voluntarily consent to the compliance review;

(5)     Hold that the OFCCP failed to prove that Bank of America discriminated against African-American applicants in 1993;

(6)     Hold that the ARB's remedy is contrary to the law and evidence;

(7)     Award Bank of America its costs and reasonable attorneys' fees, in accordance with the governing law; and

(8)     Grant Bank of America such other and further relief as may be necessary and appropriate or as the Court deems just and proper under the circumstances.

Respectfully submitted this the 23rd day of May 2016.

                                             /s/ Elena D. Marcuss
Elena D. Marcuss (Fed. Bar No. MD25547)
Adam T. Simons (Fed. Bar No. MD29357)
McGuireWoods LLP
7 Saint Paul Street, Suite 1000
Baltimore, Maryland 21202
(410) 659-4400 (tel)
(410) 659-4599 (fax)
emarcuss@mcguirewoods.com
asimons@mcguirewoods.com

*Counsel for Bank of America, N.A.*

*Of Counsel for Bank of America, N.A.*

Bruce M. Steen
McGuireWoods LLP
201 North Tryon Street, Suite 3000
Charlotte, North Carolina 28202
(704) 353-6244 (tel)
(704) 353-6200 (fax)

and

W. Carter Younger
McGuireWoods LLP
Gateway Plaza, 800 East Canal Street
Richmond, Virginia  23219
(804) 775-4363 (tel)
(804) 698-2214 (fax)

9